UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

JOSEPH ANTHONY REYNA (JOECAT®),

Plaintiff,

v.

FENIX INTERNATIONAL LIMITED,

Defendant.

---

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF**

**REGARDING PRESERVATION OF FORESEEABLY MATERIAL RECORDS**

**Nature of Suit: 890 – Other Statutory Actions**

---

REC'D IN PRO SE OFFICE
FEB 17 '26 AM 10:09

1

## I. INTRODUCTION

1. This is a narrow civil action seeking **declaratory and equitable relief** to prevent the **foreseeable and irreparable loss of evidence** that is likely to be material to **imminent and reasonably anticipated litigation** by Plaintiff against Defendant.

2. Plaintiff does **not** seek damages, adjudication of underlying merits, discovery, production, or access to records. Plaintiff seeks only an order confirming **preservation obligations** and requiring maintenance of **existing retention practices** where routine deletion during operational and transactional transitions poses a substantial risk of evidentiary loss.

3. Defendant operates a large-scale, subscription-based digital platform whose governance, enforcement, verification, and payment systems generate electronically stored information ("ESI") that is routinely subject to deletion, aggregation, anonymization, or overwrite, particularly during **vendor transitions, system migrations, policy reclassification, and transactional diligence**.

---

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under **28 U.S.C. § 1331** because this action arises under **federal common law governing spoliation of evidence**, the Court's **inherent authority to protect the integrity of its proceedings**, and **procedural due-process principles** safeguarding meaningful access to judicial review.

5. This Court is authorized to grant declaratory relief under **28 U.S.C. §§ 2201–2202**, as an actual and imminent controversy exists regarding Defendant's preservation obligations with respect to records foreseeably material to anticipated litigation.

6. Venue is proper under **28 U.S.C. § 1391(b)** because Defendant purposefully directs commerce to the United States and New York, including through:

   o use of U.S.- and New York-based payment processors and banking rails;

   o maintenance of a substantial New York user base;

   o contractual and compliance relationships with vendors operating in or from New York; and

   o platform governance and enforcement decisions that foreseeably affect users and legal proceedings in this District.

---

## III. PARTIES

7. **Plaintiff** Joseph Anthony Reyna (JOECAT®) is a U.S. resident and prospective litigant who is preparing to bring civil claims arising from Defendant's platform governance, enforcement, and monetization practices. Plaintiff's ability to obtain meaningful judicial review will be **irreparably impaired** if foreseeably material records are lost.

8. **Defendant** Fenix International Limited ("Fenix") is the publicly reported operator of the OnlyFans platform and controls, directly or through agents and vendors, the creation, maintenance, and retention of records relating to platform governance, verification, enforcement, and payment processing.

---

3

## IV. ANTICIPATED UNDERLYING DISPUTE (STANDING ANCHOR)

9. Plaintiff is preparing civil claims concerning Defendant's platform practices, including claims that will require adjudication of:

   o platform governance and enforcement standards;

   o verification and eligibility workflows;

   o payment-processing and monetization structures; and

   o representations regarding review, accountability, and compliance.

10. Resolution of those claims will necessarily depend on historical records reflecting **how policies were implemented in practice**, not merely how they were described in public terms.

11. Plaintiff brings this action because Defendant's routine retention and deletion practices, particularly during **transactional, diligence, and vendor-transition activity**, create an imminent risk that such records will be destroyed before Plaintiff can invoke judicial process.

---

## V. FACTUAL ALLEGATIONS

12. Defendant's platform operations generate ESI including, but not limited to:

   - retention schedules and deletion or anonymization policies;

   - legal-hold existence and timing records;

   - moderation, enforcement, and escalation logs;

   - verification and eligibility workflows;

   - policy, rule, and algorithmic version histories;

4

- payment-processing and compliance interactions;

- audit trails, access logs, and system-activity records;

- vendor-held data within Defendant's possession, custody, or control.

13. Public reporting and industry practice establish that **transactional activity, restructuring, diligence, and vendor offboarding** materially increase the likelihood that such ESI will be deleted through routine operations, without regard to litigation intent.

14. Preservation duties arise upon **reasonable foreseeability of litigation**, not upon filing of a complaint. Loss of ESI through routine operation may cause prejudice even absent bad faith.

---

## VI. STANDING AND IRREPARABLE HARM

15. Plaintiff alleges **procedural and informational injury**: the imminent risk that Defendant's routine deletion of records will impair Plaintiff's ability to access courts, present claims, and obtain meaningful judicial review.

16. The injury is **concrete, imminent, and particularized**, not speculative, because Defendant's retention practices operate on defined timelines that are plausibly triggered by ongoing operational and transactional activity.

17. Monetary damages cannot remedy the loss of unique historical records. Once destroyed, the injury is irreparable.

---

## VII. CLAIM FOR RELIEF

### (Declaratory and Equitable Relief – Preservation of Evidence)

18. An actual controversy exists regarding Defendant's obligation to preserve records that are reasonably foreseeable to be material to Plaintiff's anticipated claims.

19. This Court has authority to declare the scope of preservation obligations and to order narrowly tailored equitable measures to maintain the status quo and protect the integrity of future proceedings.

---

## VIII. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

A. **Declare** that categories of records reasonably foreseeable to be material to Plaintiff's anticipated claims—including retention schedules, legal-hold existence and timing records, moderation and enforcement logs, verification workflows, policy and rule version histories, payment-processing interactions, audit and access logs, and vendor-held data within Defendant's possession, custody, or control—are subject to preservation obligations;

B. **Order** Defendant to **maintain existing retention practices** and **suspend routine deletion** of the foregoing categories pending resolution of Plaintiff's anticipated claims, without requiring production, discovery, or creation of new records;

C. **Grant** such other **narrowly tailored equitable measures** as the Court deems appropriate to prevent irreparable evidentiary loss while minimizing burden; and

6

D. **Award** costs and such further relief as is just and proper.

---

## IX. JURY DEMAND

Plaintiff does **not** demand a jury trial.

---

Respectfully submitted,

**/s/ Joseph Anthony Reyna (JOECAT®)**

Joseph Anthony Reyna (JOECAT®)

Plaintiff, Pro Se

5900 Balcones Dr. #16077

Austin, Texas 78731

whitehat@joecattt.com

Dated: February 6, 2026

**EXHIBIT INDEX (PUBLIC RECORDS ONLY)**

**Exhibit A** – Reuters public reporting (May 22, 2025) regarding a group reportedly exploring an approximately $8 billion acquisition of OnlyFans / Fenix.

**Exhibit B** – Reuters public reporting (Jan. 30, 2026) regarding reported discussions involving a significant stake / ownership-related transaction concerning OnlyFans / Fenix.

**Exhibit C** – UK Companies House corporate profile page for Fenix International Limited (entity information; filing links).

**Exhibit D** – UK Companies House filings page entries for Fenix International Limited (accounts/confirmation statement filings list, as available).

**Exhibit E** – Ofcom (UK) "Video Sharing Platform regulation" consultation response submitted by OnlyFans (PDF), reflecting public statements about Terms of Service and acceptable use governance.

**Exhibit F** – Archived capture of OnlyFans Terms of Service (archive snapshot dated Jan. 13, 2025), including embedded references to Acceptable Use Policy, Complaints Policy, Appeals Policy, and Community Guidelines (policy-to-records expectation anchor).

**Exhibit G** – Archived capture of OnlyFans homepage/footer links (archive snapshot dated Jan. 30, 2022) showing publicly linked policy artifacts (e.g., Terms, DMCA, Privacy/Cookie, Acceptable Use, Complaints).

**Exhibit H** – Tinder Terms of Use (public policy page) reflecting prohibition of commercial solicitation/promotions/soliciting for services (context for off-platform funneling/solicitation governance).

**Exhibit I** – Hinge Community Guidelines (public policy page) reflecting prohibition on promotional/commercial activity and transactions (similar context).

**Exhibit J** – Plaintiff-authored public Substack post: **"Swipe, Match, Deceive: The Dark Side of Recruitment on Dating Apps"** (Jan. 10, 2025) (timestamped public notice of a recruitment/funneling pattern relevant to platform governance records).

**Exhibit K** – Reuters public reporting (Aug. 19, 2021) describing OnlyFans' policy change pressure attributed to banking partners/payment providers (processor pressure and compliance-driven governance context).

**Exhibit L** – Public FTC consumer guidance on romance scams / deceptive dating patterns (context for foreseeability of scrutiny and abuse vectors in dating-app environments).

**All exhibits consist solely of publicly available materials.**

8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

**Joseph Anthony Reyna (JOECAT®),**

Plaintiff,

v.

**Fenix International Limited,**

Defendant.

Civil Action No. _____

---

Plaintiff Joseph Anthony Reyna (JOECAT®), proceeding pro se, respectfully moves pursuant to

**28 U.S.C. § 1915(a) and (d)** and **Federal Rule of Civil Procedure 4(c)(3)** for leave to proceed

in forma pauperis and for an order directing service of process by the United States Marshal.

**I. In Forma Pauperis Status**

Plaintiff submits the accompanying Application to Proceed Without Prepaying Fees and

demonstrates that he is unable to pay the filing fee without undue hardship. Plaintiff brings this

action in good faith and seeks only declaratory and equitable relief narrowly tailored to preserve

the integrity of future judicial proceedings.

1

## II. Standing and Necessity of Court Assistance

Plaintiff is a prospective litigant preparing specific civil claims arising from Defendant's platform governance, enforcement, verification, and monetization practices. Resolution of those claims will necessarily depend on historical records that are uniquely within Defendant's possession, custody, or control.

The injury asserted is not speculative or abstract. Defendant's data-retention systems operate on fixed timelines and predictable triggers, including vendor transitions, system migrations, policy reclassification, and transactional diligence. Once routine deletion occurs, the loss of historical records is permanent and cannot be remedied through later discovery, sanctions, or monetary relief.

Accordingly, Plaintiff seeks to invoke judicial process before evidence necessary for adjudication is irretrievably lost. The relief sought in the underlying action protects not only Plaintiff's access to the courts, but the Court's own ability to conduct meaningful review.

## III. Service by United States Marshal

If in forma pauperis status is granted, Plaintiff respectfully requests that the Court direct service of the summons and complaint by the United States Marshal pursuant to Rule 4(c)(3).

Defendant Fenix International Limited is a foreign corporation organized under the laws of the United Kingdom. Plaintiff acknowledges that service must comply with **Federal Rule of Civil Procedure 4(f)(1)** and the **Hague Service Convention**, to which the United Kingdom is a signatory.

2

Plaintiff therefore requests that the Marshal be directed to effect service through Hague Convention channels at Defendant's registered office:

Fenix International Limited

9th Floor, 107 Cheapside

London EC2V 6DN

United Kingdom

Plaintiff further notes that, should Hague service prove impracticable or unduly delayed, he respectfully reserves the right to seek alternative service pursuant to **Rule 4(f)(3)** upon an appropriate showing.

## IV. Relief Requested

Plaintiff respectfully requests that the Court:

1. Grant leave to proceed in forma pauperis;

2. Direct the Clerk of Court to issue the summons; and

3. Order service of the summons and complaint by the United States Marshal in compliance with Rule 4(f)(1) and the Hague Service Convention.

Respectfully submitted,

Joseph Anthony Reyna (JOECAT®)

Plaintiff, Pro Se

5900 Balcones Dr. #16077

Austin, Texas 78731

3

whitehat@joecattt.com

Dated: February 8, 2026

_____

**4**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

**Joseph Anthony Reyna (JOECAT®),**

Plaintiff,

v.

**Fenix International Limited,**

Defendant.

Civil Action No. _____

_____

Upon consideration of Plaintiff's Motion to Proceed In Forma Pauperis and for Service by United States Marshal, it is hereby:

ORDERED that Plaintiff's application to proceed in forma pauperis is GRANTED; and it is further

ORDERED that the Clerk of Court shall issue the summons; and it is further

ORDERED that the United States Marshal is directed to serve the summons and complaint upon Defendant Fenix International Limited pursuant to **Federal Rule of Civil Procedure 4(f)(1) and the Hague Service Convention**, at the following address:

5

6

Fenix International Limited

9th Floor, 107 Cheapside

London EC2V 6DN

United Kingdom

SO ORDERED.

Dated: _____

Brooklyn, New York

_____

United States District Judge

_____

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Anthony Reyna (JOECAT®)

**DEFENDANTS**
Fenix International Limited

**(b)** County of Residence of First Listed Plaintiff **Travis County, Texas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 2201−2202 (Declaratory Judgment Act)

Brief description of cause:
Declaratory and equitable relief to prevent foreseeable spoliation of evidence material to anticipated federal litigation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
Feburary 8, 2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph Anthony Reyna

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York ☑

| | |
|---|---|
| Joseph Anthony Reyna (JOECAT®)<br><br><br><br><hr>*Plaintiff(s)*<br>v.<br>Fenix International Limited<br><br><br><br><hr>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Fenix International Limited
9th Floor, 107 Cheapside
London EC2V 6DN
United Kingdom


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Joseph Anthony Reyna
5900 Balcones Dr., #16077
Austin, Texas 78731


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Dreams Over Dollars
5900 Balcones Dr. #16077
Austin, Texas 78731



Austin POC TX 78710

TUE 10 FEB 2026  AM

NONPROFIT ORG/USA

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 17 2026

BROOKLYN OFFICE

**Clerk of Court**
United States District Court
Eastern District of New York
**225 Cadman Plaza East**
Brooklyn, NY **11201**